ALD-066                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2037
_____

RICKY MILLER,
                                            Appellant

v.

GEORGE LITTLE, Secretary of Pennsylvania Department of Corrections; JOHN/JANE
DOE, Mailroom Supervisor/Employee, PA Department of Corrections; JOHN E.
WETZEL, former Secretary of PADOC; LAUREL HARRY, Facility Manager of SCI-
Camp Hill; BOBBI JO SALAMON, Facility Manager of SCI-Rockview

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-21-cv-01941)
Magistrate Judge:  Honorable Joseph F. Saporito, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 8, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: March 6, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ricky Miller, a Pennsylvania state prisoner proceeding pro se, appeals the District Court's orders dismissing his civil rights action and denying his motions for reconsideration and to amend his complaint. We will summarily affirm.

In November 2021, Miller filed a complaint alleging that prison staff failed to notify him that they had rejected his incoming legal mail. In his operative amended complaint, Miller asserted claims arising from the rejection of legal mail in June and July 2021 at SCI-Camp Hill and in October 2021 and March 2022 at SCI-Rockview. He averred that staff rejected the mail pursuant to prison policy DC-ADM 803, which required that the mail have an assigned control number. Miller claimed violations of his rights to due process and access to the courts and a conspiracy to violate his due process rights. He sought money damages and other relief.

The District Court granted the defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] It held that Miller waived his access-to-courts claim by withdrawing it in his response to the motion, and that he failed to state a conspiracy claim. The District Court also ruled that Miller failed to exhaust his administrative remedies as to his due process claims. While it held that he had exhausted certain claims for injunctive relief, it decided that such relief was not due. The District Court also denied Miller's motions for reconsideration and to amend his complaint. This appeal followed.

---

[1] A Magistrate Judge adjudicated the case pursuant to 28 U.S.C. § 636(c)(1) upon the consent of the parties.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the grant of a Rule 12(b)(6) motion to dismiss.  Drummond v. Robinson Twp., 9 F.4th 217, 225 n.4 (3d Cir. 2021).  We consider the allegations in the complaint, the exhibits attached thereto, and matters of public record.  Id. At 228 n.10.  On the issue of exhaustion, we may also consider indisputably authentic documents related to Miller's grievances.  Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004).[2]

The District Court did not err in dismissing Miller's access-to-courts claim.  The record reflects that he withdrew this claim.  See Reply in Opp. To Motion to Dismiss, DCT ECF No. 97 at 28.  The record also supports the District Court's dismissal of Miller's conspiracy claim because he did not allege facts supporting a conclusion that there was an agreement to violate his rights.  Miller alleged, and the grievance responses reflect, that staff advised him that prison policy did not require notice when mail was rejected.  We agree with the District Court that allowing amendment of the complaint as to this claim would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

We also agree with the District Court insofar as it held that Miller did not exhaust his administrative remedies as to claims for money damages for alleged due process violations at SCI-Camp Hill in June and July 2021.  Exhaustion of available administrative remedies is mandatory under 42 U.S.C. § 1997(e).  Ross v. Blake, 578

---

[2] Because failure to exhaust administrative remedies is an affirmative defense, the defendants should have moved for judgment on the pleadings under Rule 12(c).  Id. at 223 n.2.  However, there is no material difference in the applicable legal standards.  Id.

3

U.S. 632, 638 (2016).  Claims that are not properly exhausted under a prison's administrative regulations are procedurally defaulted.  Spruill, 372 F.3d at 222.  Here, prison policy DC-ADM 804 requires an inmate, if he or she "desires compensation or other legal relief normally available from a court," to request "the specific relief sought in his/her initial grievance."  DCT ECF No. 98, Ex. 6 to Miller Declaration at 1-2.

Miller acknowledges that he did not request money damages in his initial grievance.  He contends that he followed the 2017 Inmate Handbook that he was given, which does not instruct inmates to request money damages in the initial grievance.  However, the grievance form that Miller used instructed him to refer to DC-ADM 804 for grievance procedures and to "[s]tate all relief that you are seeking."  DCT ECF No. 83-1, Ex. 1 to Brief in Support of Motion to Dismiss.  Miller asserts that he lacked access to the library and procedures due to COVID-19 restrictions and that he was misled by the omission in the handbook.  But, given the explicit instruction on the form to state all relief sought, we cannot conclude that Miller was prevented from using the grievance process or that the process was otherwise unavailable.  See Ross, 578 U.S. at 644.  And contrary to Miller's argument, exhaustion is required even where money damages are unavailable in grievance proceedings.  Spruill, 372 F.3d at 227.

Miller also contends that the prison waived any procedural default because his grievance appeal was addressed on the merits.  He states that he requested compensation on appeal, that this request was acknowledged in the Facility Manager's appeal decision, and that DC-ADM 804 provides that the Facility Manager will determine whether an appeal complies with procedures.  The Facility Manager, however, did not pass on

4

Miller's procedural compliance or state that such compliance was waived. As a result, the District Court was required to undertake an independent procedural default inquiry. See Spruill, 372 F.3d at 232 (stating same where prison administrators addressed a grievance on the merits and did not pass on a failure to request money damages).[3]

With regard to the rejection of mail in October 2021 and March 2022 at SCI-Rockview, the District Court ruled, and the record reflects, that Miller filed his action before he had exhausted his administrative remedies. See 42 U.S.C. § 1997e(a) (providing that no action regarding prison conditions shall be brought until available administrative remedies are exhausted); Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002) (recognizing same). Miller contends that, while he filed grievances related to these incidents, the grievance process was unavailable because he had already raised the issue of lack of notice of his rejected mail in his grievance at SCI-Camp Hill. He relies on DC-ADM 804, which states that "[a]ny grievance issue that has been or is currently being addressed will not be re-addressed in a subsequent grievance." DCT ECF No. 98, Ex. 6 at 1-3. Miller's argument that he did not have an available remedy, however, is unpersuasive as his later grievances were not denied on this basis.

Finally, Miller filed post-judgment motions seeking to amend his complaint. He sought to bring claims related to newly discovered incidents when his mail was rejected without notice from May 2021 through February 2022. Miller asserted that he had no available administrative remedy as to these claims. For substantially the reasons stated in

---

[3] To the extent Miller exhausted claims for injunctive relief, he has not shown that he has a viable claim for such relief.

the District Court's decision denying reconsideration, Miller did not show that administrative remedies were unavailable.  Moreover, Miller has stated in filings in this Court that he has now exhausted his administrative remedies as to these claims.  As an action may not be brought until administrative remedies are exhausted, the District Court did not abuse its discretion in denying reconsideration or leave to amend.  See Long v. Atlantic City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012) (noting standard of review for a motion for reconsideration).

Accordingly, because this appeal does not raise a substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[4]

---

[4] Miller's motions to lift the stay of his appeal are granted to the extent they seek to lift the stay.  His remaining motions are denied.